**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **)** |
| | **)** |
| **v.** | **)**    **Criminal No.  21-117** |
| | **)** |
| **DEAGO LEE EDDINGS** | **)** |

**<u>Opinion and Order on Pretrial Discovery Motions</u>**

This matter is before the Court on Defendant Deago Lee Eddings' Motion for Discovery (ECF No. 40), Motion to Produce Evidence the Government Intends to Use Under Federal Rules of Evidence 404(b) and 609 (ECF No. 41), Motion to Preserve Law Enforcement's Rough Notes (ECF No. 42), and Motion to Suppress Evidence and Statements (ECF No. 43).  The Government has filed an Omnibus Response to ECF Nos. 40, 41, and 43 (ECF No. 47), and a Separate Response to the Motion to Suppress (ECF No. 48).  Mr. Eddings has filed a Reply to the Government's Responses.  (ECF No. 49).

**I.  Motion to Suppress Evidence and Statements**

Pursuant to Federal Rule of Criminal Procedure 12(c)(1) a District Court "may [] schedule a motion hearing" on a motion to suppress.  Fed. R. Crim. Proc. 12(c)(1).  Upon review of Mr. Eddings' Motion, the Court finds that there are "disputed issues of material fact that will affect the outcome of the motion to suppress."  <u>United States v. Hines</u>, 628 F.3d 101, 105 (3d Cir. 2010).  Therefore, an evidentiary hearing on the Motion to Suppress Evidence and Statements (ECF No. 43).will be scheduled.  Due to the COVID-19 pandemic it is unknown at this time when the Court may be able to schedule an in-person evidentiary hearing.  A video evidentiary hearing, if consented to by Mr. Eddings, may be scheduled as soon as practical.  The Court will contact counsel to arrange scheduling of the hearing.

## II.  Motion for Discovery

Mr. Eddings requests that the Government turn over materials subject to discovery under Rule 16(a)(1), including any statements by Mr. Eddings, physical and documentary evidence, reports of examinations and tests, and expert witness information.  He also seeks discovery of exculpatory and impeachment evidence pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), <u>Giglio v. United States</u>, 405 U.S. 150, 154 (1972), <u>United States v. Perdomo</u>, 929 F.2d 967 (3d Cir. 1991), <u>Kyles v. Whitley</u>, 115 S. Ct. 1555 (1995), and <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).  Mr. Eddings also specifically requests discovery that is material to preparation of his defense and to assist in preparation of his Motion to Suppress.

### A.    Rule 16 Material

Federal Rule of Criminal Procedure 16(a)(1) concerns the government's obligation, when requested by defendant, to disclose, within proscribed limits, defendant's oral, written, or recorded statement (16(a)(1)(A) and (B)) and defendant's prior record (16(a)(1)(D)).  In addition, "the government must permit a defendant to inspect and to copy or photograph" books, papers, documents, data, photographs, tangible objects, buildings or places (16(a)(1)(E)), and reports of any physical or mental examinations and scientific tests or experiments (16(a)(1)(F)).  Finally, Rule 16(a)(1)(G) requires that "the government must give to the defendant a written summary of any [expert] testimony that the government intends to use, . . .  during its case-in-chief at trial," and the written summary "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications."

These Rule 16 obligations are subject to the limitation that the requested materials be within the government's possession, custody, or control.  In addition, for Rules 16(a)(1)(B),

(D), and (F), the government is obligated to disclose materials that it knows or through due diligence could know.  For Rules 16(a)(1)(A), (F), and (G), discoverable material is only that which the government intends to use at trial.  Rule 16(a)(2) further specifies that unless Rule 16(a)(1) provides otherwise, "this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Fed. R. Crim. P. 16(a)(2).

The Government indicates that it has complied with its obligations under Rule 16 and will continue to do.  There being no indication that the Government has not met its obligations under Rule 16, the Motion for Discovery Materials under Rule 16 is DENIED without prejudice.

### B.    Exculpatory and Impeachment Material

"In Brady, the Supreme Court held that due process required that [upon request] the government produce all "exculpatory" evidence, which includes both '[m]aterials ... that go to the heart of the defendant's guilt or innocence and materials that might affect the jury's judgment of the credibility of a crucial prosecution witness.'" United States v. Ramos, 27 F.3d 65, 68 (3d Cir. 1994) (quoting United States v. Hill, 976 F.2d 132, 134-35 (3d Cir.1992)).  Once a defendant makes a request for such materials, the government is obligated to disclose such exculpatory evidence, "in time for its effective use at trial." United States v. Higgs, 713 F.2d 39, 44 (3d Cir. 1983) ("No denial of due process occurs if Brady material is disclosed to [defendants] in time for its effective use at trial").

The Supreme Court in Giglio v. United States, extended its ruling in Brady to encompass impeachment evidence relating to the credibility of a government witness.  405 U.S. 150, 154 (1972). See also United States v. Perdomo, 929 F.2d 967 (3d Cir. 1991).  Any inducements or rewards given to government witnesses, including but not limited to money, grants of immunity, plea bargains, promises of leniency or recommendations thereof, or preferential treatment, would fall under impeachment evidence that must be disclosed under Brady.  See Higgs, 713 F.2d at 43 ("Evidence that government witnesses have been granted immunity and/or leniency for their cooperation is clearly relevant on the issue of their credibility").

Pursuant to the Jencks Act, no statement or report made by a government witness or potential government witness "shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."  18 U.S.C. § 3500(a).  Upon motion of the defendant, "[a]fter a witness called by the United States has testified on direct examination, the court shall" shall order the government to produce any statement of the witness, which relates to the subject matter as to which the witness has testified."  18 U.S.C. § 3500(b).

The Government  states that it has provided existing Brady, Giglio, and Jencks materials to the Defense as part of its Rule 16 disclosures.  The government indicates that it is aware of its continuing obligation under Brady and Giglio to provide the defense with exculpatory material.  There is no indication that the Government has not met its obligations under Brady or Giglio therefore, the Motion for Discovery seeking exculpatory and impeachment material is DENIED without prejudice.  To the extent the Government becomes

4

aware of additional <u>Giglio</u> material, said material shall be provided to the defense in sufficient time for its effective use at trial so that it will not result in a delay of the trial, or delay during the trial.

### III.          Motion to Produce Evidence Under Rules of Evidence 404(b) and 609

Federal Rule of Evidence 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b)(1). However, such evidence of prior bad acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2).  Rule 404(b) further provides that if a defendant so requests, the Government must "provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial."  Fed. R. Evid. 404(b)(2). What constitutes "reasonable notice" depends on "the circumstances and complexity of the prosecution."  <u>United States v. Johnson</u>, 218 F. Supp. 3d 454, 462 (W.D. Pa. 2016).  In general, courts have found that what constitutes "reasonable notice" under Rule 404(b) is in the range of seven to ten days or one to two weeks prior to trial.  <u>United States v. Long-Parham</u>, 183 F. Supp. 3d 746, 750 (W.D. Pa. 2016); <u>United States v. Buckner</u>, 2020 U.S. Dist. LEXIS 5485, at *14–15 (M.D. Pa. Jan. 13, 2020).  Federal Rule of Evidence 609 concerns the impeachment of a witness by use of a prior criminal conviction and requires that such notice provide "the party [with] a fair opportunity to contest its use."  Fed. R. Evid. 609.

The Government responds that it will comply with Rule 404(b)'s notice requirement by providing any 404(b) information it intends to introduce at trial no later than seven to ten

days prior to trial.  As to Rule 609 material, the Government does not object to providing

proper notice to the defense at a time designated by the Court prior to trial.

Mr. Eddings requests that the Court order the Government to provide Rule 404(b)

information thirty days before trial to permit him time to conduct any necessary investigations

and to lodge any objections to evidence such that any disputed matters can be resolved by the

Court in advance of trial.  The Court is not inclined to order the Government to produce Rule

404(b) information at a set date (either ten or thirty days before trial) this far in advance of

trial.  Trial in this matter has not been set.  In addition, the COVID-19 pandemic has

significantly impacted Court operations and contributed to resulting delays in jury trials.

Depending on the nature and amount of Rule 404(b) evidence the government intends to

introduce, there is the possibility that Motions in Limine will be filed seeking to challenge the

404(b) evidence.  The Government indicates that it will provide any 404(b) information it

intends to introduce at trial prior to trial.  Should the Government anticipate that challenges to

such evidence may be filed, the Government is encouraged to provide its Rule 404(b)

evidence far enough in advance of trial so as to limit the possibility of delay.  Moreover, at the

Preliminary Pretrial Conference, at which time a trial date will likely be set, the parties and

the Court will address the issue of the timing of disclosure of Rule 404(b) information so that

it does not prejudice the defense nor delay trial.  In this regard, it is imperative that the

Government and the defense work together to ensure that trial will begin timely and flow

smoothly.  Accordingly, the Motion to Produce Evidence Under Federal Rules of Evidence

404(b) and 609  is DENIED, as premature.

## IV. Motion to Preserve Law Enforcement's Rough Notes

With respect to Mr. Eddings' Motion to Preserve Law Enforcement's Rough Notes, the Government states that it "has advised involved law enforcement agents to preserve such material [and that] [t]he prosecution will disclose such material to the extent it constitutes Brady/Giglio and/or Jencks material" as previously stated.  ECF No. 47, at 7.

Independent of the Government's direction to its officers to retain such material, the United States Court of Appeals for the Third Circuit requires the government to retain rough notes and writings  In United States v. Vella, 562 F.2d 275 (1977) the Court of Appeals held that "rough interview notes of [law enforcement officers] should be kept and produced so that the trial court can determine whether the notes should be made available to the defendant under the rule in Brady v. Maryland, 373 U.S. 83 (1963), or the Jencks Act." Id. at 276.  In United States v. Ammar, 714 F.2d 238 (3d Cir. 1983), the Court of Appeals expanded the category of what must be retained to include rough reports; holding that "the government must retain and, upon motion, make available to the district court both the rough notes and the drafts of reports of its agents to facilitate the district court's determination whether they should be produced." Id.  at 259.  In Ammar, the Court acknowledged that a rough draft is not necessarily a Jencks Act statement until it is refined to the point where a finding can be made that the witness has "adopted or approved" the rough draft as a statement, such as where a law enforcement official presents a handwritten draft to a supervisor.  Id.

Accordingly, Mr. Eddings' Motion to Preserve Law Enforcement's Rough Notes is GRANTED.

7

### V. Conclusion

To summarize, Defendant's Motion for Discovery (ECF No. 40) and Motion to Produce Evidence the Government Intends to Use Under Federal Rules of Evidence 404(b) and 609 (ECF No. 41) are DENIED without prejudice to Defendant raising such issues as necessary.  Defendant's Motion to Preserve Law Enforcement's Rough Notes (ECF No. 42) is GRANTED.  An evidentiary hearing will be set on Defendant's Motion to Suppress Evidence and Statements (ECF No. 43).  Despite any evidentiary rulings made herein, the parties are hereby ordered to meet and confer to ensure that the defense is provided in advance any necessary evidence needed to effectively prepare for the evidentiary hearing.

SO ORDERED, this 27th day of January 2022.

BY THE COURT:

_____
MARILYN J. HORAN
United States District Judge